15-2148-cv
*Sun, et al. v. Mashantucket Pequot Gaming Ent.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand sixteen.

PRESENT:    JON O. NEWMAN,
            RALPH K. WINTER,
            JOSÉ A. CABRANES,

                    *Circuit Judges.*

---

CHEUNG YIN SUN, ET AL.,

                    *Plaintiffs-Appellants,*                    15-2148-cv

                    v.

MASHANTUCKET PEQUOT GAMING ENTERPRISE, ET AL.,

                    *Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**        MARVIN VINING, Law Office of Marvin
                                      Vining, Monticello, MS.

**FOR DEFENDANTS-APPELLEES:**         ELIZABETH CONWAY, Office of the Legal
                                      Counsel of the Mashantucket Pequot
                                      Tribal Nation, Mashantucket, CT.

1

THOMAS J. MURPHY, James J. Healey, Cowdery & Murphy, LLC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 1, 2015 judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants Cheung Yin Sun, Long Mei Fang, and Zong Yang Li appeal from a June 1, 2015 judgment of the District Court granting appellees' motion to dismiss for lack of jurisdiction. Appellants brought a civil rights action under 42 U.S.C § 1983 against the Mashantucket Pequot Gaming Enterprise ("MPGE"), Anne Chen, Jeff DeClerck, Edward Gasser, George Henningsen, Frank Leone, Michael Santagata, and Chester Sicard, and Connecticut Public Safety officer Michael Robinson for refusing to honor their winnings at Foxwoods Resort Casino. On appeal, the appellants argue that the District Court: (i) erred in finding it lacked jurisdiction over certain appellees and should have followed the Ninth Circuit decision of *Pistor v. Garcia*, 791 F. 3d 1104 (9th Cir. 2015), on tribal sovereign immunity; and (ii) erred in applying the applicable standard for dismissing a motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues upon appeal.

We review *de novo* a district court decision, pursuant to Federal Rule of Civil Procedure 12(b)(2), dismissing a complaint for lack of jurisdiction. *See Porina v. Marward Shipping Co.,* 521 F.3d 122, 126 (2d Cir. 2008). "In opposing a motion to dismiss for lack of personal jurisdiction, [plaintiffs] bear[ ] the burden of establishing that the court has jurisdiction...." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (internal quotation marks omitted).

Upon such review, we conclude that the District Court lacked personal jurisdiction over the appellees substantially for the reasons articulated in the District Court's well-reasoned opinion. *Cheung Yin Sun, et al. v. Mashantucket Pequot, et al.,* 309 F.R.D. 157 (D. Conn. 2015). The threshold question is one of personal jurisdiction. The appellants do not contest that the appellees were never properly served, nor was a waiver of personal service executed, returned to the appellants, or filed with the District Court. *See* J.A. 291. Nearly a year after appellants were notified of this defect, they never remedied service to provide the District Court with personal jurisdiction over appellees.

Absent personal jurisdiction, we need not consider the appellees' arguments related to subject-matter jurisdiction and the relevance of a new Ninth Circuit holding on the Second Circuit's

2

tribal sovereign immunity jurisprudence. Lack of jurisdiction also forecloses claims related to the standard of review for a motion to dismiss under Rule 12(b)(6).

## CONCLUSION

We have considered all of appellants' claims on appeal and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk